**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:19-CR-20020-003** |
| | ) | |
| **CHRISTOPHER FRANKLIN MURPHY** | ) | |

---

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Christopher Franklin Murphy ("Defendant" or "Mr. Murphy"), through undersigned counsel, comes before this Court and offers the following for his Sentencing Memorandum:

## I. Notices

Defendant anticipates the hearing on this matter will require one hour at most. Defendant does not intend to call witnesses. Defendant has resolved any outstanding objections and therefore will only make argument pursuant to 18 U.S.C. § 3553 factors and U.S.S.G § 5G1.3.

## II. Background

The Defendant is named in Counts One and Four of a four-count Indictment and Forfeiture Allegation filed in the Western District of Arkansas, Fort Smith Division, on May 8, 2019. Count One of the Indictment charges that beginning on or about an unknown date, but at least as early as January 1, 2019, and continuing to present day, in the Western District of Arkansas, Fort Smith Division, and elsewhere, the Defendant did knowingly and intentionally combine, conspire, confederate, and agree with others to distribute a controlled substance, namely, a mixture or

substance that contained a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Count Four of the Indictment charges that on or about October 18, 2018, in the Western District of Arkansas, Fort Smith Division, the defendant Christopher Franklin Murphy, knowingly and intentionally distributed 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(viii).

On August 21, 2019, Defendant appeared before this Court and pleaded guilty to Count Four of the Indictment charging him with Distribution of More than 5 Grams of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(viii), resulting from Defendant's actions on October 18, 2018.

On October 30, 2019, an Initial Presentence Investigation Report was filed to which neither the Government nor Defendant filed any objections. Subsequently, a Final Presentence Investigation Report ("PSR") was filed on December 2, 2019, holding Defendant accountable for at least 1.5 kilograms but less than 5 kilograms of a mixture of methamphetamine. The PSR also determined Defendant's criminal history to be a category of VI. Defendant's guideline range was determined to be one-hundred fifty-one (151) to one-hundred eight-eight (188) months imprisonment.

On February 15, 2019, Defendant entered a plea in Crawford County, Arkansas Circuit Court, Case No. 17CR-18-1043, and was sentenced to one-hundred eighty (180) months in the Arkansas Department of Corrections on Count 1 and one-hundred twenty (120) months in the Arkansas Department of Corrections on Count 2.  Sentences are to run concurrently.  He is currently in the custody of the Arkansas Department of Corrections with an initial parole/transfer eligibility date of February 19, 2023.

### III. Argument

**Mr. Murphy should receive a downward variance pursuant to 18 U.S.C § 3553**

The court shall consider any arguments for a variance after all considerations to a departure have been made.[1] The analysis for a variance differs from that of a departure.[2] And, in some cases, a prohibited ground for a departure may be a valid reason for the court to vary.[3] Furthermore, a court could grant a departure and a variance in the same sentence.

Under 18 U.S.C. § 3553 (a)(1-7), the court must consider the following seven factors in determining the appropriate sentence to impose, same summarized as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the Guidelines promulgated by the Sentencing Commission;

(5) any pertinent policy statement issued by the Sentencing Commission;

---

[1] *Gall v. U.S.*, 128 S.Ct. 586 (2007)
[2] *See e.g. United States v. Fumo,* 655 F.3d 288, 317 (3rd Cir. 2011), as amended (Sept. 15, 2011).
[3] *See e.g. United State v. Chase*, 560 F.3d 828 (8th Cir. 2009)(departure precedents not bind district courts with respect to variance decision, but may be considered "persuasive authority").

(6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and,

(7) the need to provide restitution to the victims.

Regarding the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Murphy not only has accepted responsibility for the offense, but he promptly met with law enforcement, upon being detained October 24, 2018, and explained exactly what his involvement was and to what extent.  In fact, at the time of his interview, the only evidence of Mr. Murphy's involvement in the distribution of methamphetamine was his delivery of 27.1 grams of actual methamphetamine to a CI on October 18, 2018.  It was not until his interview with law enforcement that it became known that he dealt in quantities of methamphetamine in excess of 1.5 kilograms.  It is those admissions by Mr. Murphy, in a post-*miranda* interview, for which Mr. Murphy is being held accountable.  His history and characteristics are adequately represented in the guidelines range by being assigned a criminal history category of VI.

Mr. Murphy's guideline range, on the low-end, is one-hundred fifty-one (151) months.  The amount of time he will likely serve on that sentence is more than triple any amount of state time he has ever served to date.  He will be incarcerated more than a decade.  He is 33 years old.  Certainly, a sentence of more than decade for a 33-year-old individual promotes respect for the law, affords adequate deterrence, protects the public from the defendant, and allows adequate time to get the resources he needs.

In applying 18 U.S.C. § 3553 (a)(3-6), the court should either downward vary or run Mr. Murphy's sentence concurrently, or partially concurrently, as outlined in Mr. Murphy's additionally argument below.  Mr. Murphy is currently in the custody of the Arkansas Department of Corrections.  It appears, his earliest scheduled parole/transfer eligibility date from state custody

is February 19, 2023, more than four (4) years from the date of sentencing. There is no way this Court can determine when Mr. Murphy will be paroled, but even if he is paroled as scheduled, to serve one-hundred fifty-one (151) months (low-end of the guideline range) consecutive to the minimum of four (4) years of remaining state time would be an injustice. This Court should either downward vary by a minimum of forty-eight (48) months or use the other sentencing options outlined below provided by the Sentencing Commission to avoid any unwarranted sentence disparity.

The court has discretion to vary to a lower sentence if it believes Mr. Murphy's sentence would still comply with the mandates of 3553(a).[4] Accordingly, Mr. murphy requests this court downward vary so that Mr. Murphy's total incarceration between his state charges and federal charges does not exceed one-hundred fifty-one (151) months.

**Mr. Murphy's sentence may run concurrently or partially concurrently to his undischarged state sentence, pursuant to U.S.S.G § 5G1.3.**

If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment. U.S.S.G § 5G1.3(a).

If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows: (1) the court shall adjust the sentence for any period of imprisonment already

---

[4] *United States v. McGhee*, 512 F.3d 1050 (8th Cir. 2008)(per curium).

served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and, (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment U.S.S.G § 5G1.3(b).

If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment. U.S.S.G § 5G1.3(c).

(Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. U.S.S.G § 5G1.3(d).

U.S.S.G § 5G1.3(a) does not apply to Mr. Murphy because the instance offense was committed October 18, 2018 and he did not begin serving his state sentence until he was sentenced on February 13, 2019.  See U.S.S.G § 5G1.3 Application Note 1.

U.S.S.G § 5G1.3(b) does not apply to Mr. Murphy because his state sentence does not stem from any relevant conduct to his federal conviction. See U.S.S.G § 5G1.3 Application Note 2.

U.S.S.G § 5G1.3(c) does not apply to Mr. Murphy because he has already been received a state sentence and his state sentence does not stem from any relevant conduct to his federal conviction. See U.S.S.G § 5G1.3 Application Note 3.

Accordingly, because U.S.S.G § 5G1.3(a) does not apply to Mr. Murphy, this Court is not obligated to run Mr. Murphy's federal sentence consecutively to his state sentence.  Likewise,

because U.S.S.G §§ 5G1.3(b) and (c) do not apply to Mr. Murphy, this Court is not obligated to run Mr. Murphy's federal sentence concurrently with his state sentence.  However, under U.S.S.G § 5G1.3(d) the court is permitted, in its discretion, to run Mr. Murphy's federal sentence concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. The objective of imposing a sentence concurrently, partially concurrently, or consecutively under §5G1.3(d) is to "'achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity.'" United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (quoting §5G1.3, cmt. n.4(A))

Furthermore, according to U.S.S.G § 5G1.3 Application note 4(A), in order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:

(i)    the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii)    the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii)   the time served on the undischarged sentence and the time likely to be served before release;

(iv)   the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v)    any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Mr. Murphy was arrested on October 24, 2018, for his state charges and has been incarcerated since that time.  At the time of his federal sentencing hearing, he will have been incarcerated for approximately fifteen (15) months.  He is currently in the custody of the Arkansas

Department of Corrections.  His initial transfer/parole eligibility date is February 19, 2023.  It will likely be a minimum of four (4) years before Mr. Murphy is transferred to federal custody to begin serving his sentence in this case.  Because the court has no way of knowing when Mr. Murphy will be paroled on his state charge, if the court does not run Mr. Murphy's sentence concurrently or partially concurrently, there is a great risk that Mr. Murphy could serve two consecutive sentences totally three-hundred thirty-one (331) months (180 months on Mr. Murphy's state case plus a minimum of 151 months on his federal case.).

According to U.S.S.G § 5G1.3 Application note 4(B), in some cases under subsection (d), a partially concurrent sentence may achieve most appropriately the desired result. To impose a partially concurrent sentence, the court may provide in the Judgment in a Criminal Case Order that the sentence for the instant offense shall commence on the earlier of (i) when the defendant is released from the prior undischarged sentence; or (ii) on a specified date. This order provides for a fully consecutive sentence if the defendant is released on the undischarged term of imprisonment on or before the date specified in the order, and a partially concurrent sentence if the defendant is not released on the undischarged term of imprisonment by that date.

Applying the sentencing guidelines, this Court has several options for imposing a sentence to achieve the factors outlined in 18 U.S.C § 3553.  Mr. Murphy requests to be sentenced at the low end of his guideline range of one-hundred fifty-one (151) months, but respectfully requests this Court to run his time concurrently with his current state sentence, to commence the date he is sentenced in this Court, and then any remaining undischarged federal sentence to run consecutive once he is paroled out of state custody.  This sentencing ensures he does not serve more than one-hundred fifty-one (151) months of his federal sentence from the date of sentencing.

## IV. Conclusion

For these reasons, the Mr. Murphy should be sentenced at the court's discretion to a term of incarceration not to exceed one-hundred fifty-one (151) total months between his state sentence in State v. Christopher Murphy, Crawford County, Arkansas Circuit Court Case No. 17CR18-104 and his federal sentence here today.

RESPECTFULLY SUBMITTED,

Christopher Franklin Murphy
DEFENDANT

By:    */s/ John E. Baureis*
    John E. Baureis, ABA#2005266
    KEITH, MILLER, BUTLER,
      SCHNEIDER & PAWLIK, PLLC
    112 W. Center Street
    Fayetteville, AR 72701
    T: (479) 935-4995
    F: (479) 631-6890
    jbaureis@arkattorneys.com

    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John E. Baureis, state that I have on this 23rd day of December, 2019, filed the above with the Court's CM/ECF system, which shall send notification and a copy of the filing to the following:

Candace L. Taylor
Assistant United States Attorney
Candace.Taylor@usdoj.gov

David W. Baker
United States Probation Officer
David_W_Baker@arwp.uscourts.gov

/s/ *John E. Baureis*
John E. Baureis